LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

ROBERT A. BERRY, ISB #7742
Deputy Attorney General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID  83720-0010
Telephone:	(208) 334-2400
Facsimile:	(208) 854-8073
robert.berry@ag.idaho.gov
Attorney for Defendant Lawerence Denney

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| RYAN ISBELLE, | ) | |
|---|---|---|
| | ) | Case No. 1:19-cv-00093-CWD |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| vs. | ) | **MOTION TO DISMISS** |
| | ) | |
| LAWERENCE DENNEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW Defendant, Idaho Secretary of State Lawerence Denney, by and through undersigned counsel, and hereby submits this memorandum in support of his Rule 12(b)(1) and 12(b)(6) Motion to Dismiss, filed herewith.

## I.	INTRODUCTION

The federal constitutional claim in this case concerns a limited inquiry; namely, the validity of Idaho Code § 34-1805, which regulates the number of signers required for ballot initiatives or referendums.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 1

Plaintiff now challenges a 2013 amendment to Idaho Code § 34-1805, claiming that its requirements to gather signatures from a minimum of six percent of the qualified electors at the time of the last general election in at least eighteen legislative district "[d]amages [his] right to participate in the initiative process." (Complaint, p. 2.)  He seeks "[i]nvalidation of the geographic distribution requirement" on the basis that it violates the Equal Protection Clause of the Fourteenth Amendment. (*Id.*)  More specifically, Plaintiff's federal constitutional claim in this case is limited to the allegation that the statute, *as applied*, imposes unconstitutional burdens on his Fourteenth Amendment rights, which comports with the injury being claimed in this case—"Damages to <u>my right to participate</u> in the initiative process." (Complaint p. 2.) (emphasis added)  However, the Court must dismiss this case for lack of subject-matter jurisdiction, because Plaintiff lacks standing to mount an as-applied challenge to Idaho Code § 34-1805.  Plaintiff's sole allegation fails to state a claim as to how "his right to participate in the initiative process has been damaged."  Further, he has never actually filed any initiatives with the Idaho Secretary of State as required by Idaho law in order to have the initiative statutes apply to him.  Therefore, Plaintiff has not and cannot meet his burden to establish an actual or imminent constitutional injury in fact.

## II.     FACTS AND PROCEDURAL HISTORY

In order to begin the initiative process, a proponent crafts an initiative and collects twenty (20) signatures.  Idaho Code § 34-1804.  The proposed initiative is then delivered to the Secretary of State, who immediately transmits it to the Attorney General's Office.  *Id*.  The Attorney General's office conducts a review of the measure for matters of substantive import, form, and style and issue a certificate of review.  Idaho Code § 34-1809.  The certificate of review must be issued whether or not the petitioner accepts or rejects the recommendations of the attorney general.

/ / /

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 2

*Id*.  The certificate of review is wholly advisory and the petitioner is free to accept or reject the recommendations of the attorney general in whole or part. *Id*.

Following issuance of the certificate of review, the petitioner may ask, within 15 working days, for the preparation of long and short ballot titles. *Id*.  Within ten (10) days after receiving copies of the initiative for preparation of the ballot titles, the attorney general must prepare both long and short ballot titles. *Id*.  Once the ballot titles are prepared, the petition sheets can be prepared by the petitioners with the short ballot titles affixed to the bottom of each page of the petition. *Id*.  Petitioners are now free to circulate the petition.

According to the law, petitioners may circulate an initiative for 18 months following the issuance of the ballot titles.  Idaho Code § 34-1802.  Petitions are due at the expiration of 18 months or on the last day of April in the year in which the initiative is proposed to appear on the ballot. Idaho Code § 34-1802.

Before such petitions shall be entitled to final filing and consideration by the Secretary of State there shall be affixed thereto the signatures of legal voters equal in number to not less than six percent (6%) of the qualified electors at the time of the last general election in each of at least eighteen (18) legislative districts; provided however, the total number of signatures shall be equal to or greater than six percent (6%) of the qualified electors of the state at the time of the last general election.  Idaho Code § 34-1805.

The Idaho Secretary of State compiles tracks and maintains records during Idaho's elections that are filed with the Idaho Secretary of State.  As it relates to initiatives and referendums, the Idaho Secretary of State maintains a list of those individuals or entities that have submitted a petition meeting the 20 signature requirement of Idaho Code § 34-1804.  The Idaho Secretary of State has reviewed the list of individuals or entities that submitted a petition meeting

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 3

the 20 signature requirement of Idaho Code § 34-1804 since 2012.  Ryan Isbelle is not on this list and has not submitted a petition meeting a petition meeting the 20 signature requirement of Idaho Code § 34-1804 since 2012.

### III.    ARGUMENT AND AUTHORITY

Plaintiff's fails to state a claim and lacks standing to mount an as-applied challenge to the Idaho Code § 34-1805[1].  This is because Plaintiff has not alleged an injury-in-fact and because he has not in fact suffered an actual injury.

Because lack of subject-matter jurisdiction concerns only the issue of the federal court's power to hear the controversy and does not involve consideration of the merits, lack of subject-matter jurisdiction generally must be adjudicated by a motion to dismiss, rather than a motion for summary judgment.  *Jones v. Brush*, 143 F.2d 733, 733-34 (9th Cir. 1944); *O'Donnell v. Wien Air Alaska, Inc.*, 551 F.2d 1141, 1145 n.4 (9th Cir. 1977); *Capitol Indus.-EMI, Inc. v. Bennett*, 681 F.2d 1107, 1118 (9th Cir. 1982); *United States v. 3 Parcels in La Plata County*, Colo., 919 F.Supp. 1449, 1452 (D. Nev. 1995); *Bella Lewitzky Dance Found. v. Frohnmayer*, 754 F.Supp. 774, 778 (C.D. Cal. 1991).

Because standing is a prerequisite to subject-matter jurisdiction, the plaintiff who brings the case bear the burden of establishing the essential elements of standing for each alleged claim.  *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342 (2014).  One of the essential elements

---

[1] As a result of the Ninth Circuit's decision in *Angle v. Miller*, 673 F.3d 1122, 1128-1129 (9th Cir. 2012), Plaintiff does not have a viable claim that Idaho Code § 34-1805's requirement that at least 18 legislative districts, on its face, imposes unconstitutional burdens or is unconstitutionally overbroad in violation of Fourteenth Amendment rights since the current law is based upon legislative districts with equal populations.  *See* Idaho Code § 34-1805; *Bonneville County v. Ysursa*, 142 Idaho 464, 466-471, 129 P.3d 1213, 1215-1220 (2005) (upholding legislative redistricting plan as presumptively constitutional because the overall maximum population deviation was less than ten percent).

of standing is an injury in fact, which requires a showing that the Plaintiff has suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560). For an injury to be particularized, it must affect the Plaintiff in a "personal and individual way," and for an injury to be concrete, it "must actually exist," so that it is real and not abstract. *Id*.

Because an injury in fact must be concrete and particularized to the actual Plaintiff who brings the case, that Plaintiff must "allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975). Thus, unless the actual Plaintiff who brings the case can "demonstrate the requisite case or controversy between themselves personally and respondents, 'none may seek relief on behalf of himself or any other member of the class.'" *Id*. (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)); *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972) ("[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.").

When these standing principles are applied to a Plaintiff who mounts an as-applied challenge to the validity of statutes, such a Plaintiff can establish standing only if the individual has directly and personally suffered an injury in fact from application of the statutes to that Plaintiff, regardless of whether application of the statutes has injured other parties who are not before the court. *Warth*, 422 U.S. at 501 ("[T]he plaintiff still must allege a distinct and palpable injury to himself, even if it is an injury shared by a large class of other possible litigants."). As explained by the Supreme Court:

> The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit

others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'

*Id.* at 499 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973)).

Thus, to have standing to mount an as-applied challenge to the validity of Idaho's initiative statutes, Plaintiff must have directly and individually suffered an injury in fact from application of the statutes to him. *See, e.g.*, *Peoples Legislature v. Cegavske*, 2017 WL 2312357, *3 (D. Nev. May 25, 2017) (holding that an as-applied First Amendment and Fourteenth Amendment challenge required the plaintiff to show an injury-in-fact must allege three factors 1) an intention to engage in a course of conduct; 2) the course of conduct is affected with a constitutional interest; and 3) the course of conduct is proscribed by a statute and there exists a credible threat of prosecution thereunder) (citing *Real v. City of Long Beach*, 852 F.3d 929, 934 (9th Cir. 2017); *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998) ("An as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular speech activity, even though the law may be capable of valid application to others.").

In this case, the Idaho initiative statutes apply only to persons who file initiatives with the Secretary as required by Idaho law. Idaho Const. art. III, § 1; Idaho Code § 34-1802, -1804. Here, Plaintiff fails to allege how his right to "participate" in the initiative process has been damaged. More specifically, he fails to meet the three factors necessary to show an injury in fact. Plaintiff fails to aver to any facts evidencing an intention to engage in a course of conduct. He fails to allege any facts as how the course of conduct is affected with a constitutional interest. Finally, Plaintiff fails to allege any facts as to a course of conduct proscribed by a statute and how there exists a credible threat of prosecution thereunder. On this basis alone, Plaintiff's claim fails.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 6

Plaintiff's claim also fails since he has never actually had Idaho's initiative statutes apply to him because he has never actually filed any initiatives with the Secretary as required by Idaho law. (*See generally* Declaration of Dorothy Canary.)  Given that the statutes have never actually been applied to Plaintiff, he lacks standing to mount his as-applied challenge because Plaintiff has not directly and individually suffered any injury in fact from application of the statutes to him.

Therefore, because Plaintiff has not established either an actual or imminent injury in fact from application of the Idaho statutes to him, Plaintiff lacks standing to mount his as-applied challenge to the Idaho Code § 34-1805.

## IV.   CONCLUSION

Plaintiff's claims against Secretary Denney should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim as a matter of law.

DATED this 9th day of April, 2019.

> STATE OF IDAHO
> OFFICE OF THE ATTORNEY GENERAL
>
> By: _____/s/ Robert A. Berry_____
> ROBERT A. BERRY
> Deputy Attorney General

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 9th day of April, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system,

    AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CMF/ECF Registered Participant in the manner indicated:

Ryan Isbelle  
217 S. Garden Ct., #F  
Lewiston, ID 83501

☒ U.S. Mail  
☐ Email  
☐ Certified Mail, Return Receipt Requested  
☐ Overnight Mail  
☐ Facsimile

By:    */s/ Robert A. Berry*  
      Robert A. Berry  
      Deputy Attorney General

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS - 8