# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| RYAN ISBELLE, | Case No. 1:19-cv-00093-DCN |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| LAWERENCE DENNEY, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant Lawerence Denney's Motion to Dismiss. Dkt. 2. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court finds good cause to GRANT the Motion. However, the Court will grant Plaintiff Ryan Isbelle leave to amend his Complaint to cure deficiencies outlined in this decision.

## II. BACKGROUND

Plaintiff Ryan Isbelle is an Idaho citizen residing in Lewiston, Idaho. Isbelle claims that Idaho Secretary of State Lawerence Denney failed to protect his rights to Equal

Protection under the Fourteenth Amendment. Denney was Secretary of State in 2013 when the Idaho Legislature passed an amendment to Idaho Code section 34-1805. Idaho Code section 34-1805 regulates the number of signers required for ballot initiatives or referendums. The amendment passed in 2013 requires those who wish to have an initiative placed on the ballot to obtain signatures of legal voters equal in number to at least six percent of the qualified electors at the time of the last general election in at least eighteen legislative districts. Isbelle alleges that this requirement damages his right to participate in the initiative process.

On March 19, 2019, Isbelle brought suit against Denney seeking invalidation of the geographic distribution requirement of Idaho Code section 34-1805. Dkt. 1. On April 9, 2019, Denney filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. 2.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P.

12(h)(3).

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). "A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion." *Id.* (citing *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir. 2003)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations;" however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In light of *Twombly* and *Iqbal,* the Ninth Circuit summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive

of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the pleading under attack. *Iqbal,* 556 U.S. at 663. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. DISCUSSION

As a threshold matter, the Court notes that it is unclear whether Isbelle is asserting an as applied challenge or a facial challenge in the current suit. As the Court has explained before:

> When a petitioner seeks to challenge a statute as unconstitutional there are two types of challenges: "facial challenges" and "as-applied" challenges.
>
> Facial challenges seek to have a statute declared unconstitutional "on its face." This standard presents an extremely high bar because a plaintiff must show that the statute is unconstitutional *in all* possible applications and situations. *See Diaz v. Paterson,* 547 F.3d 88, 101 (2d Cir. 2008) (finding "a facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.").
>
> . . .

> As-applied challenges, on the other hand, do not look at the text, or face, of the statute, but rather argue that even if a law is valid on its face, it may nonetheless—as the name suggests—be unconstitutionally applied. The question in an as-applied challenge is whether the statute is unconstitutional when applied in a particular case. *See Tsirelman v. Daines*, 19 F. Supp. 3d 438, 447–48 (E.D.N.Y. 2014), *aff'd*, 794 F.3d 310 (2d Cir. 2015). Specific facts are critical.

*Does 1-134 v. Wasden*, No. 1:16-CV-00429-DCN, 2018 WL 2275220, at *4 (D. Idaho May 17, 2018).

The Court infers from Isbelle's complaint that he wishes to assert an as applied challenge.[1] Operating under this interpretation, Isbelle appears to be contending that Idaho Code section 34-1805, as applied to him, violates his right to Equal Protection under the Fourteenth Amendment.

Denney argues that because Isbelle does not claim to have filed any initiatives with the Secretary of State—and therefore has not had Idaho Code section 34-1805 apply to him directly—he has failed to allege either an actual or imminent injury in fact, and therefore lacks standing. Dkt. 2-1. Citing *Bernbeck v. Gale*, Denney argues that in order to have sufficiently alleged an injury in fact to challenge a voter initiative statute like Idaho Code section 34-1805, a plaintiff must be either (1) both a registered voter and an initiative signer, or (2) a sponsor of a submitted initiative. 829 F.3d 643 (8th Cir. 2016); Dkt. 8, at 3.

In response, Isbelle contends that registering to vote makes one a participant in

---

[1] The language in Isbelle's complaint that Denney: "[f]ailed to protect *my* rights of equal protection of the law under the Fourteenth Amendment," leads the Court to infer that Isbelle is mounting an as-applied challenge. Dkt. 1 (emphasis added).

Idaho's ballot initiative process because no initiative makes its way onto the ballot without applying Idaho Code section 34-1805 to all registered voters. Dkt. 7. Isbelle argues that all registered voters in Idaho have suffered injury from Idaho Code section 34-1805 simply by virtue of their status as registered voters. *Id.*

Isbelle also notes his publicly demonstrated interest in the initiative process, referencing a letter he posted in the Lewiston Morning Tribune critiquing the initiative process, as well as various contacts he has had with state legislators regarding the initiative process. Dkt. 7, ¶ 20. Isbelle argues that because he intends to use the ballot initiative process at some point in the future, the injury alleged in his complaint is imminent. Dkt. 7 ¶ 22.

Injury in fact is an essential element of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To demonstrate injury in fact, a plaintiff must show that he has suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1997)). In determining whether a plaintiff has sufficiently alleged actual or imminent injury to challenge a voter initiative statute, the Court finds the Eight Circuit's decision in *Gale* on point.

In Gale, the plaintiff challenged a Nebraska statute that had a similar geographic signature distribution requirement in order to place an initiative on the ballot. *Bernbeck*, 829 F.3d at 645. The court found that because the plaintiff had never submitted a signed initiative, and therefore never had an initiative rejected under the signature distribution

requirement, he had not suffered actual injury and could allege only imminent harm. *Id.* at 647. However, even under that assumption, the Eight Circuit found that the plaintiff's expressed desire to *at some point* undertake an initiative was insufficient to establish imminent harm. *Id.* at 647-48. The court articulated that the plaintiff could have claimed to have been injured in his interest as a resident in parity between his imitative signature and those of registered voters in other counties. *Id.* at 650. However, the plaintiff had not alleged that he was registered to vote and thus failed to prove he had standing to assert that interest. *Id.*

Here, like the plaintiff in *Gale*, Isbelle has not claimed that he ever submitted a ballot initiative that was subsequently affected by Idaho Code section 34-1805, and thus has not alleged actual injury. The Court, therefore, can only assume that Isbelle is alleging an imminent injury by virtue of one's status as a registered voter who seeks to participate in the initiative process by way of signing an initiative. However, like the plaintiff in *Gale*, Isbelle's complaint is devoid of any evidence that Isbelle himself is registered to vote in the state of Idaho, or that he has signed an initiative that is currently circulating or has been submitted. Isbelle has only alleged an intent to utilize the initiative process at some point in the future.

Isbelle's intent to participate in the initiative process at some point in the future is not enough to establish injury in fact. "A wish to engage in future conduct, alone, does not provide the immediacy needed for threatened enforcement of a contested law to constitute injury in fact." *Lujan*, 504 U.S. at 564 n.2. The Court is unable to find evidence that Isbelle

has claimed anything more than a desire to support an initiative in the future. This alone is insufficient to establish injury in fact.

Isbelle also calls attention to the identities of plaintiffs in two unrelated cases involving challenges to voter initiative statutes. *See Idaho Coal. United for Bears v. Cenarrusa ("ICUB")*, 234 F. Supp. 2d 1159, 1165 (D. Idaho 2001), *aff'd,* 342 F.3d 1073, 1074 (9th Cir. 2003) and *Semple v. Williams*, 290 F. Supp. 3d 1187 (D. Colo. 2018). Dkt. 7 ¶ 12—13. In both cases, plaintiffs included corporations who had an interest in the initiative process. *Id.* Isbelle argues that if Courts have previously found that corporations have standing to challenge similar statutes, the same should be found of him. Dkt. 7.

Addressing the identities of the plaintiffs in *ICUB*, 234 F. Supp 2d. 1165, and *Semple*, 290 F.Supp.3d 1187, Denney argues that these cases provide no support for Isbelle's standing argument. Dkt. 8. The Court agrees. The plaintiffs in both cases are distinguishable from Isbelle because in both *ICUB* and *Semple,* the plaintiffs produced actual evidence of their intent to circulate initiatives, as well as evidence of the fact that they were prevented from doing so, or would have been heavily burdened under the challenged laws. Dkt. 8.[2]

Denney is correct that the plaintiffs in both *ICUB* and *Semple* are factually distinct

---

[2] Denney also argues that neither Court addressed standing in the cases cited by Isbelle. While it does appear that the *Semple* Court did not discuss standing in its decision, standing *was* clearly addressed in *ICUB*. In that opinion, the court acknowledged that the standing of all parties was analyzed and addressed in response to a motion to dismiss and plaintiff corporation was found to have standing. 234 F. Supp. 2d 1159, 1161 (D. Idaho 2001). Notwithstanding, the findings in *ICUB* (as to standing) have no effect on Isbelle's status in this case.

from Isbelle. Isbelle is not a corporation, and therefore is not similarly situated to plaintiff corporations in either case. The Court is unpersuaded by this argument.

Both Isbelle and Denney briefly address the merits of Isbelle's claim. Because the inquiry into standing "in no way depends on the merits," the Court will not address them at this time. *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (*quoting Warth v. Seldin*, 422 U.S. 490, 500 (1975)).

As Isbelle has failed to sufficiently allege injury in fact, the Court concludes Isbelle does not possess standing to bring this claim. Denney's Motion to Dismiss is GRANTED. The Court will, however, allow Isabelle an opportunity to amend his complaint.

## V. ORDER

The Court HEREBY ORDERS:

1. Defendant Denney's Motion to Dismiss (Dkt. 2) is GRANTED.

2. Plaintiff Isbelle's Complaint is DISMISSED WITHOUT PREJUDICE.

3. The Court GRANTS Isbelle leave to file an Amended Complaint. Isbelle has thirty (30) days to do so. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: October 29, 2019

David C. Nye
Chief U.S. District Court Judge