## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

U.S. COURTS

NOV 2 5 2019

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

| | | |
|---|---|---|
| RYAN ISBELLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 1:19-cv-00093 |
| | ) | |
| LAWERENCE DENNEY | ) | |
| | ) | **AMENDED COMPLAINT** |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I. PARTIES

1. The Plaintiff is Ryan Isbelle. He is a resident of the city of Lewiston and a registered voter for the state of Idaho who is currently active in the state's initiative process.

2. The Defendant is Lawerence Denney, in his official capacity as Secretary of State for the State of Idaho

## II. JURISDICTION

3. U.S. Code § 1331 states: The <u>district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.</u>
(June 25, 1948, ch. 646, <u>62 Stat. 930; Pub. L. 85–554, § 1, July 25, 1958, 72 Stat. 415; Pub. L. 94–574, § 2, Oct. 21, 1976, 90 Stat. 2721; Pub. L. 96–486, § 2(a), Dec. 1, 1980, 94 Stat. 2369.)</u>

## III. FACTUAL ALLEGATIONS

4.Idaho Code <u>34-1805</u> states: After the form of the initiative or referendum petition has been approved by the secretary of state as in sections <u>34-1801A through 34-1822, Idaho Code, provided, the same shall be printed by the person or persons or organization or organizations under whose authority the measure is to be referred or initiated and circulated in the several counties of the state for the signatures of legal voters. Before such petitions shall be entitled to final filing and consideration by the secretary of state there shall be affixed thereto the signatures of legal voters equal in number to not less than six percent (6%) of the qualified electors at the time of the last general election in each of at least eighteen (18) legislative districts</u>; provided however, the total number of signatures shall be equal to or greater than six percent (6%) of the qualified electors of the state at the time of the last general election.

5.Idaho SB 1108 (2013) altered the formula in which signatures are counted during the initiative process. The prior requirement of 6% of statewide registered voters' signatures counted every signature as 1 vote. The requirement set was an absolute number, meaning each vote moved the initiative petition an equal distance closer to the goal of ballot access. After the passage of SB 1108, the value of each signature gathered is in direct relation to the number of registered voters in their district.

6.At the time of the last general election, the number of registered voters in Idaho's legislative district varied by as much as 45%. Despite this fact, each district is given equal weight by Idaho Code 34-1805 by giving each district 1/35th of the authority over ballot access.

7.The Plaintiff is a registered voter of Legislative District 6.

8.A copy of the Plaintiff's online voter registration form is submitted to the court as Exhibit A.

9.Registered voters from Legislative District 6 are given a required minimum of 1,344 signatures to be counted as one of the eighteen Legislative Districts needed to gain ballot access.

10.Registered voters from Legislative District 10 are given a required minimum of 1,059 signatures to be counted as one of the eighteen Legislative Districts needed to gain ballot access. 22% fewer signatures that Legislative District 6.

11.There is a total of eight Legislative Districts in Idaho who are allowed to collect >10% fewer signatures to gain ballot access than Legislative District 6, the Plaintiff's district.

12.On October 30, 2019, the Plaintiff began collecting signatures for the approved ballot initiative petition for Idahoan's for a Fair Wage to raise the minimum wage in Idaho and change wage law.

13.The Plaintiff also signed the minimum wage petition on October 30, 2019.

14.On November 22, 2019, the Plaintiff had his first petition signature sheet notarized by Notary Public for the State of Idaho, Regina Lee Penzter.

15. On November 22, 2019, the Plaintiff submitted his first petition signature sheet to Nez Perce Deputy County Clerk, R. Lewis. Deputy County Clerk Lewis certified all seven signatures on the petition sheet, including the Plaintiff's.

16. A copy of the signature sheet for the active initiative petition in Idaho to raise to state's minimum wage containing seven signatures, including the Plaintiff's, is submitted to the court as Exhibit B.

17. A copy of the notice to the defendant, the Secretary of State of Idaho, from the office of County Clerk of Nez Perce County, informing him that all seven signatures on the petition sheet are those of qualified electors in Legislative District 6 is submitted to the court as Exhibit C.

## IV. ARGUMENTS AND AUTHORITIES

18. The 14th Amendment of the United States Constitution states: All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

19. According to the Idaho Constitution, Article III, Section 1, "The people reserve to themselves the power to propose laws... to be submitted to the vote of the people at a general election for their approval or rejection." The Idaho Constitution empowers the legislature to determine the "conditions" and "manner" of determining how the people propose those laws, or initiatives. "The people" are understood to be Idaho electors with equal rights and power to propose those initiatives.

20. Voting is a fundamental right subject to equal protection guarantees under the Fourteenth Amendment. See *Reynolds v. Sims* , 377 U.S. 533, 561-62, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964) ("Undoubtedly, the right of suffrage is a fundamental matter in a free and democratic society."). The ballot initiative, like the election of public officials, is a " 'basic instrument of democratic government,' " *Cuyahoga Falls v. Buckeye Comm. Hope Found* ., 538 U.S. 188, 123 S.Ct. 1389, 1395, 155 L.Ed.2d 349 (2003) (quoting *Eastlake v. Forest City Enters., Inc.* , 426 U.S. 668, 679, 96 S.Ct. 2358, 49 L.Ed.2d 132 (1976)), and is therefore subject to equal protection guarantees. Those guarantees furthermore apply to ballot access restrictions just as they do to elections themselves. See *Illinois State Bd. of Elections v. Socialist Workers Party* , 440 U.S. 173, 184, 99 S.Ct. 983, 59 L.Ed.2d 230 (1979). Citing *Idaho Coal. United for Bears v. Cenarrusa,* (9th Cir. 2003).

21. *Angle V. Miller* determines, "All procedures used by a State as an integral part of the election process," however, "must pass muster against the charges of discrimination or of abridgment of the right to vote." Moore v. Ogilvie, 394 U.S. 814, 818 (1969). Thus, when a state chooses to give its citizens the right to enact laws by initiative, "it subjects itself to the requirements of the Equal Protection Clause." Idaho Coalition, 342 F.3d at 1077 n.7.

22. *Angle V. Miller* also states, "In sum, our case law establishes that geographic distribution requirements assigning equal political power to districts of unequal population violate equal protection. The All Districts Rule, however, avoids that defect. Whereas the rules in Moore, Idaho Coalition and Lomax afforded equal

political power to counties having unequal populations, the All Districts Rule grants <u>equal political power to</u> <u>congressional districts having equal populations</u>. [Emphasis added]

23. Like the county unit system in Sanders, the Idaho system violates equal protection because the few voters in a sparsely populated county have a power equal to the vastly larger number of voters who reside in a populous county.   In short, an electoral system, here the system governing the people's right to place initiative measures on the ballot, <u>may not be based on treating unequal counties equally and making the electoral determination</u> <u>dependent on the support of numbers of counties rather than numbers of people.</u>  Citing *Idaho Coal. United for Bears v. Cenarrusa,* (9th Cir. 2003). [Emphasis added]

24. See Sanders, 372 U.S. at 378, 83 S.Ct. 801 ("The inclusion of the electoral college in the Constitution, as the result of specific historical concerns, validated the collegiate principle despite its inherent numerical inequality, but implied nothing about the use of an analogous system by a State in a statewide election." (footnote omitted)).   To the extent that Idaho wishes to create a check on the will of the majority by a non discriminatory means, the equal protection clause is no bar. <u>The state may not, however, weigh the votes (or signatures) of</u> <u>some voters more heavily than those of others.</u>  Citing *Idaho Coal. United for Bears v. Cenarrusa,* (9th Cir. 2003). [Emphasis added]

25. Idaho also argues that the geographic distribution requirement furthers other valuable purposes, including preventing a long and confusing list of initiatives from appearing on the ballot, protecting against fraud, informing the electorate, ensuring the "integrity" of the ballot process, and promoting "grassroots direct legislation efforts."    Assuming that these are all valid purposes advanced by the geographic distribution requirement, they nonetheless cannot save that requirement, because these purposes could be advanced as effectively and efficiently by <u>another system that would treat voters residing in different geographic areas</u> <u>equally.   For example, most if not all of these objectives could be satisfied, even more readily, by simply</u> <u>increasing the statewide percentage of signatures required–from six to twelve percent or to any other percentage</u> <u>Idaho deemed desirable</u>. Citing *Idaho Coal. United for Bears v. Cenarrusa,* (9th Cir. 2003). [Emphasis added]

26. The effectiveness of signing an initiative petition for the Plaintiff is 22% less than Ryan Isbelle had lived in District 10 instead. This is a violation of Ryan Isbelle's equal protection rights guaranteed to him under the 14th Amendment to the United States Constitution.

27. The effectiveness of the Plaintiff's as a circulator is harmed by Idaho Code: 34-1805 as well. His submission of seven signatures on an initiative petition from qualified electors in his district leaves him 22% further from his goal than if he had lived in and submitted signatures for Legislative District 10. This is a violation of Ryan Isbelle's equal protection rights guaranteed to him under the 14th Amendment to the United States Constitution.

28. Before the passage of SB 1108 (2013), the minimum signature requirement for ballot initiative petitions to gain ballot access was an absolute number and each signature submitted moved the initiative petition an equal distance closer to the requirement.

29. Under the current law, there is no definitive answer for how many signatures are required for a ballot initiative petition to gain ballot access because the law values registered voters' signatures in some districts more than others.

## V. RELIEF SOUGHT

30. The Plaintiff in this case seeks the remedy of having the geographic distribution clause of Idaho Code 34-1805 added by the passage of SB 1108 (2013) invalidated by the court. This would change the existing regulation from requiring a petition to gather a minimum of 6% of Idaho's registered voters in at least 18 legislative districts to gain ballot access, to the previous regulation of only requiring 6% of registered voters statewide to gain ballot access.

Respectfully Submited,

__/S/___Ryan Isbelle_____

Ryan Isbelle
217 S. Garden Ct. #F
Lewiston, ID 83501
208-553-7951

Online Voter Registration Form

| Last Name | First Name | Middle Name |
|---|---|---|
| ISBELLE | RYAN | JOHN |

Idaho Driver's License #
JA385153H

Last 4 SSN

Not Issued a DL or SSN ☐

WARNING: ANY ELECTOR WHO SUPPLIES ANY INFORMATION KNOWING IT TO BE FALSE IS GUILTY OF PERJURY. Perjury is punishable by imprisonment in the state prison for not less than 1 year or more than 14 years. In addition the court may impose a fine of up to $5,000.

Male [X]   Female ☐

| Are you a citizen of the United States of America? | Yes [X] | No ☐ |
|---|---|---|
| Will you be 18 years of age on or before election day? | Yes [X] | No ☐ |

Date of Birth
09/19/1987

| Residence Address | city | county | zip |
|---|---|---|---|
| 217 S GARDEN CT F | LEWISTON | NEZ PERCE | 83501 |

Telephone Number
2085537701

| Mailing Address | city | state | zip |
|---|---|---|---|
| | | | |
| | | country | |

Party
Unaffiliated

| Address where previously registered | city | state | zip |
|---|---|---|---|
| 1414 10TH ST. | LEWISTON | ID | 83501 |

☐ Check box if name change   Previous Name

Signature

*Ryn Isbelle*

DO YOU HAVE ANY LEGAL DISQUALIFICATIONS?   Yes ☐   No [X]

Form created via Online Voter Registration   Date Received   10/09/2018 19:55:08

Date of Signature   10/09/2018

**Exhibit A**

# AN INITIATIVE AMENDING MINIMUM WAGE AND MINIMUM WAGE LAW BY INCREASING THE GENERAL MINIMUM WAGE AND MINIMUM WAGE OF TIPPED EMPLOYEES.

| | Signature | Printed Name | Residence Street and Number | City or Post Office | Date | Official Use Only Legislative District |
|---|---|---|---|---|---|---|
| 1. | *(signed)* | Ryan Isabelle | 217 S. Garden Cir. #F | Lewiston | 10/30/19 | |
| 2. | *(signed)* | Gloria Alfrey | 4206 9th st | Lewiston | 10/30/19 | |
| 3. | *(signed)* | Chris Blake | 903 Burrell Ave | Lewiston | 11/14/19 | |
| 4. | *(signed)* | Doug Skinner | 1620 Bryden Ave R14 | Lewiston | 11/14/19 | |
| 5. | *(signed)* | Michael townsend | 703 8th Ave | Lewiston | 11/14/19 | |
| 6. | *(signed)* | Edward Skinner | 403 11th Street | Lewiston | 11/20/19 | |
| 7. | *(signed)* | Tommie Wilson | 3309 8th St | Lewiston | 11/21/19 | |
| 8. | | | | | | |
| 9. | | | | | | |
| 10. | | | | | | |
| 11. | | | | | | |
| 12. | | | | | | |

STATE OF IDAHO
SS
County of Nez Perce

I, _Ryan Isabelle_, being first duly sworn, say: That I am a resident of the State of Idaho and at least eighteen (18) years of age; that every person who signed this sheet of the foregoing petition signed his or her name thereto in my presence; I believe that each has stated his or her name, address and residence correctly, that each signer is a qualified elector of the State of Idaho, and a resident of the county of _Nez Perce_.

Signed _Ryan Isabelle_

Post-office address _____

Subscribed and sworn to before me this _22_ day of _November_ 2019.

Signed _Regina Lee Pentzer_
Notary Public

My Commission expires on _2/22/23_

Residing at _Lewiston_

My Commission expires on _____        (Notary Seal)

REGINA LEE PENTZER
Commission #20219
Notary Public
State of Idaho
My Commission Expires: 02/22/23

PATTY O. WEEKS
NEZ PERCE CO. ID
RECORDER
DEPUTY
2019 NOV 22 PM 3: 00
FILED

*Exhibit B*

STATE OF IDAHO          )
                        )SS.
COUNTY OF NEZ PERCE  )

To the Honorable Lawerence Denney, Secretary for the State of Idaho, I, PATTY O. WEEKS, County Clerk of Nez Perce County, hereby Certify that ___7___ signatures on this petition are those of qualified electors in **Legislative District #6**.

Signed_____R Lewis_____
             Deputy Clerk

| | | |
|---|---|---|
| A/S | = | ALREADY SIGNED PETITION |
| DATE | = | PETITION DATE MISSING OR INVALID |
| NAME | = | NAME ON REGISTRATION DOES NOT MATCH PETITION |
| NR | = | NOT REGISTERED |
| SIG | = | SIGNATURE DOES NOT MATCH |
| SIG DATE | = | PETITION SIGNED BEFORE VOTER REGISTRATION RECEIVED BY AUDITOR |
| W/A | = | WRONG ADDRESS |

*Exhibit C*